835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Florine Y. GOODMAN, Petitioner,
v.
OFFICE OF PRESONNEL MANAGEMENT, Respondent.
 No. 87-3323.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1987.
 
 Before EDWARD S. SMITH, NIES, and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Florine J. Goodman, pro se, seeks review of the final decision of the Merit Systems Protection Board, Docket No. PH08318610582, affirming the Office of Personnel Management's reconsideration decision to deny her application for survivor annuity benefits. We affirm on the basis of the board's opinion.
 
 OPINION
 
 2
 Petitioner was married to Howard Goodman, a former federal employee, in 1941 and was divorced from him on October 28, 1970. Annie R. Goodman then married Howard Goodman on December 26, 1970, and was his wife when he died in 1980. Before 1984, there was no statutory provision for the payment of survivor annuity benefits to a former spouse of a deceased annuitant. Under section 4 of the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, 98 Stat. 3205, reprinted at 5 U.S.C. Sec. 8341 note (1982 & Supp. III 1986), the law was changed to provide for payment of survivor annuities to former spouses who were married on May 7, 1985. Although she was not married to Howard Goodman on May 7, 1985, petitioner filed a claim under that Act.
 
 
 3
 The Act contains an exception to its date restriction. The exception applies, however, only to former spouses whose marriages ended after September 14, 1978. Id. at Sec. 4(b)(1)(B)(i). Thus, neither the Act's basic provision nor its exception apply to petitioner because her marriage ended in 1970.
 
 
 4
 In 1986, Congress further amended the Act to provide another exception to its date restriction. Section 201(b) of the Federal Employees Benefits Improvement Act of 1986, Pub.L. No. 99-251, 100 Stat. 22, provides that a former spouse whose marriage ended before September 14, 1978, could receive a survivor annuity, after meeting certain criteria, if no other surviving spouse were eligible to receive the annuity. Annie R. Goodman is a surviving spouse who is eligible to, and, in fact, does, receive a survivor annuity. Therefore, none of the exceptions apply to the date restriction which prevents petitioner from receiving an annuity here.
 
 
 5
 We understand petitioner's frustration that, despite twenty-nine years of marriage, she is not entitled to share in her former husband's annuity benefits. However, the statute gives us no choice but to affirm the board's decision.